**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**DORL HOLDREN,**
**Claimant Below, Petitioner**

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 16-0709**  (BOR Appeal No. 2051037)
(Claim No. 2011022627)

**BON TON DEPARTMENT STORES, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Dorl Holdren, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bon Ton Department Stores, Inc., by David Holtzapfel, its attorney, filed a timely response.

The issue presented in the instant appeal is Ms. Holdren's receipt of a 0% permanent partial disability award. On June 24, 2014, the claims administrator granted Ms. Holdren a 0% permanent partial disability award. The Office of Judges affirmed the claims administrator's decision in its Order dated December 23, 2015. This appeal arises from the Board of Review's Final Order dated June 27, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Holdren was injured when she slipped and fell during the course of her employment as a sales clerk on January 3, 2011. Immediately following the injury, she received treatment in the emergency department of St. Francis Hospital for a facial laceration on her right temple. On May 27, 2014, Ms. Holdren's claim for workers' compensation benefits was held compensable

1

for a right eye/head laceration, bilateral wrist sprains, a left knee sprain, and a left shoulder sprain. Compensability for injuries to Ms. Holdren's teeth was specifically denied.[1]

Paul Bachwitt, M.D., performed an independent medical evaluation on June 10, 2014, and authored a report memorializing his findings on June 11, 2014. He noted that Ms. Holdren complained of pain in her left shoulder, tooth pain, pain in her hands, and pain in her arms. Upon examination, Dr. Bachwitt found no clinical evidence of carpal tunnel syndrome.[2] Additionally, the remainder of his examination did not reveal evidence of a ratable entity. Therefore, Dr. Bachwitt opined that Ms. Holdren sustained 0% whole person impairment as a result of the January 3, 2011, injury. On June 24, 2014, the claims administrator granted Ms. Holdren a 0% permanent partial disability award and closed her claim for permanent partial disability benefits based upon Dr. Bachwitt's evaluation.

Bruce Guberman, M.D., performed an independent medical evaluation on December 3, 2014, and authored a report memorializing his findings on the same date. Dr. Guberman opined that Ms. Holdren sustained 1% whole person impairment as a result of persistent scars on the right side of her face, 5% whole person impairment as a result of dietary restrictions arising from the loss of multiple teeth, and 6% whole person impairment as a result of left-sided carpal tunnel syndrome, for a total of 12% whole person impairment.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 26, 2015, and authored a report memorializing his findings on August 27, 2015. Dr. Mukkamala opined that Ms. Holden sustained 0% whole person impairment as a result of an asymptomatic, barely visible scar above her right eyebrow; 0% whole person impairment as a result of a left knee sprain; 0% whole person impairment as a result of bilateral wrist sprains; and 0% whole person impairment as a result of a left shoulder sprain. Dr. Mukkamala reviewed Dr. Guberman's report and noted that Dr. Guberman provided impairment ratings for the loss of teeth and carpal tunnel syndrome, neither of which is a compensable diagnosis. Dr. Mukkamala also disagreed with Dr. Guberman's opinion that Ms. Holdren sustained 1% whole person impairment as a result of facial scaring.

In its Order affirming the June 24, 2014, claims administrator's decision, the Office of Judges held that Ms. Holdren did not sustain any permanent impairment as a result of the January 3, 2011, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 27, 2016. On appeal, Ms. Holdren asserts, per the opinion of Dr. Guberman, that she is entitled to a 12% permanent partial disability award.

---

[1] In *Dorl Holdren v. Bon Ton Department Stores, Inc.,* No. 15-1124 (W.Va. March 3, 2017)(memorandum decision), we affirmed the denial of Ms. Holdren's request to add injuries to her teeth as a compensable component of the claim.

[2] Although the record indicates that Ms. Holdren has been diagnosed with carpal tunnel syndrome, the record does not indicate that a request to add carpal tunnel syndrome as a compensable diagnosis has been submitted.

The Office of Judges noted that only Dr. Guberman concluded that Ms. Holdren sustained any degree of permanent impairment as a result of the January 3, 2011, injury. The Office of Judges then found that Dr. Guberman provided impairment ratings for the loss of teeth and carpal tunnel syndrome, neither of which is a compensable diagnosis.[3] The Office of Judges further found that only Dr. Guberman attributed permanent impairment to a scar which Dr. Mukkamala, who most recently evaluated Ms. Holdren, described as nearly invisible. The Office of Judges then determined that Dr. Mukkamala's report is the most credible report of record and concluded that Ms. Holdren did not sustain any permanent impairment as a result of the January 3, 2011, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[3] We note that the Board of Review declined to adopt the Office of Judges' statement that carpal tunnel syndrome is not a compensable diagnosis, and the Board of Review instead noted that the compensability of carpal tunnel syndrome has not been litigated. We agree and note that because the compensability of carpal tunnel syndrome has not been litigated, it is not currently a compensable diagnosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker